Singh v. Garland

BIA
Poczter, IJ
A208 455 405

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand twenty-three.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> STEVEN J. MENASHI,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

HARJOT SINGH, AKA HWJOT SINGH,
> *Petitioner,*

v.                                          20-333
                                            NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Dalbir Singh, Esq., Dalbir Singh & Assoc., PC, New York, NY.

**FOR RESPONDENT:**          Jeffrey Bossert Clark, Acting
Assistant Attorney General;
Bernard A. Joseph, Senior
Litigation Counsel; Erik R. Quick,
Trial Attorney, Office of
Immigration Litigation, United
States Department of Justice,
Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Harjot Singh, a native and citizen of India, seeks review of a December 30, 2019, decision of the BIA affirming an April 9, 2018, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Harjot Singh*, No. A208 455 405 (B.I.A. Dec. 30, 2019), *aff'g* No. A208 455 405 (Immig. Ct. N.Y. City Apr. 9, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891

2

F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Substantial evidence supports the agency's determination that Singh was not credible as to his claim that members of the Bharatiya Janata Party and Akali Dal Badal Party beat him and threatened to kill him on account of his work for the Akali Dal Mann Party. The agency reasonably relied on

3

inconsistencies in Singh's evidence regarding whether he reported a death threat to police, how police responded to the report of his attack, and whether his family members were harassed. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). He failed to provide compelling explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The agency also reasonably found that the striking similarities between Singh's supporting affidavits impugned his credibility. *See Mei Chai Ye v. U.S. Dep't of Just.*, 489 F.3d 517, 524 (2d Cir. 2007) ("[T]his court has . . . firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are 'canned.'"); *Singh v. BIA*, 438 F.3d 145, 148 (2d Cir. 2006) (upholding agency's reliance on "nearly identical language in the written affidavits allegedly provided by different people"). Singh's explanation that the notary might have been the source of the identical language does not compel a

4

contrary conclusion. *See Majidi*, 430 F.3d at 80–81.

The inconsistencies and strikingly similar affidavits provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:  
Catherine O'Hagan Wolfe,  
Clerk of Court

5